THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Christopher
 Marquis Mobley, Appellant.
 
 
 

Appeal From Union County
 Lee S. Alford, Circuit Court Judge
Unpublished Opinion No. 2007-UP-397
Submitted September 1, 2007  Filed
 September 25, 2007
AFFIRMED

 
 
 
 Appellate Defender Eleanor Cleary, of Columbia; for Appellant
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Julie M. Thames, of Columbia; Kevin S. Brackett, of York; for
 Respondent.
 
 
 

PER CURIAM:  Christopher
 Marquis Mobley appeals his conviction for attempting to purchase crack
 cocaine.  He argues the circuit court erred in denying his motion for directed
 verdict.  We affirm.[1]

FACTS 
On October 2, 2003, the Union City Police
 working in association with the Union County Sheriffs Office (collectively,
 the Police) arrested Carlos Bailey.  Bailey was believed to be the head of a crack
 cocaine drug ring operating in Union County.  Bailey was brought to the Police
 station, and a cell phone in his possession was confiscated.    
Baileys
 cell phone rang and was answered by one of the officers.  The officer said
 hello and the caller responded by calling him Lo which was a known nickname
 for Carlos Bailey.  The caller then stated that he needed a hookup and told
 the officer I need a yard of hard.  After the caller stated that he was on
 Hancock Street, the officer instructed the caller to walk up and meet him at
 the red light there at Monarch Highway and Highway 49 right in front of the
 church there.  The caller agreed, and the officer, accompanied by a second
 officer, drove to the site in an unmarked police car.    
As they
 neared their destination, the two officers observed a man walking up Hancock Street towards the agreed upon meeting place.  Baileys cell phone rang again, and
 the same caller informed the officer that he was on the way.  Once the Police
 observed a man[2] closing in on the meeting place, one officer dialed the number from the previously
 received call and observed the man answer his cell phone.  The officer then
 asked the man if he was at the red light, the officer observed the man
 talking into his cell phone and heard him respond through the phone that he was
 at the light.  The Police then pulled their vehicle up to the man, identified
 as Christopher Mobley, and placed him under arrest for attempting to purchase
 crack cocaine.  The Police searched Mobley incident to arrest and found
 one-hundred dollars in his left front pocket.  During the trial, three
 different officers testified that in their experience, a yard of hard was a
 slang term used to delineate one-hundred dollars worth of crack cocaine.   
 
At the close of the States case, Mobley motioned the court for a
 directed verdict, and the court denied this motion.  The jury convicted Mobley
 of attempting to purchase crack cocaine.  Mobley then moved for a judgment
 notwithstanding the verdict, and the trial court denied this motion and
 sentenced him to five years imprisonment.  This appeal followed.   
STANDARD OF REVIEW
When ruling on a motion for a directed verdict, the
 trial court is concerned with the existence or nonexistence of
 evidence, not its weight.  State v. Cherry, 361 S.C. 588, 593, 606
 S.E.2d 475, 477-78 (2004).  When reviewing a denial of a directed verdict, this
 Court must view the evidence and all reasonable inferences in the light most
 favorable to the state.  State v. Burdette, 335 S.C. 34, 46, 515 S.E.2d
 525, 531 (1999). Where there is any direct evidence or any substantial
 circumstantial evidence reasonably tending to prove the guilt of the accused,
 an appellate court must find the case was properly submitted to the jury.  Cherry,
 361 S.C. at 593-94, 606 S.E.2d at 478. See State v. Gaster, 349 S.C. 545, 564 S.E.2d 87 (2002) (on appeal from trial courts denial of a motion for a
 directed verdict, appellate court may only reverse the trial court if there is
 no evidence to support the trial courts ruling).

LAW/ANALYSIS

I.  Directed Verdict
Mobley contends the
 trial court erred in denying his motion for directed verdict.  Mobley maintains
 that there was no direct or circumstantial evidence to support a finding that
 he was guilty.  We disagree.
Section 44-53-375
 of the South Carolina Code (Supp. 2006) states [a] person possessing or
 attempting to possess less than one gram of methamphetamine or cocaine base, as
 defined in Section 44-53-110,[3] is guilty . . . .  In this case, the State presented evidence that would allow
 a reasonable jury to find Mobley attempted to possess crack cocaine.  In taking
 the facts in the light most favorable to the State, we note the following.  The
 Police officers testified that in their experience a yard of hard meant one
 hundred dollars worth of crack cocaine.  They further testified that when they
 arrested a man believed to be the head of a drug ring, Mobley called this mans
 cell phone, said he needed a hook-up, and asked for a yard of hard.  In
 furtherance of this request, Mobley agreed to meet at a specified place to attain
 the yard of hard.  The Police observed Mobley speaking to them on his cell
 phone after they had called the number from the dealers phone, and Mobley told
 them he was at the agreed upon meeting place.  When Mobley was arrested, the
 police found exactly one-hundred dollars in Mobleys possession.  We find that
 contrary to Mobleys argument, he did make sufficient overt acts towards
 purchasing the drugs by walking to the designated meeting place to make the
 purchase.  We find there was sufficient evidence to support the denial of a
 directed verdict motion.  Therefore, we find no error by the trial court.
CONCLUSION
We find no error in the trial courts denial of the directed
 verdict motion.  Based on the foregoing, Mobleys conviction is
AFFIRMED.
STILWELL,
 SHORT, and WILLIAMS JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] One of the officers recognized the man as Christopher
 Mobley from previous interactions with him.
[3] Crack cocaine means an alkaloidal cocaine or
 freebase form of cocaine, which is the end product of a chemical alteration
 whereby the cocaine in salt form is converted to a form suitable for smoking. 
 S.C. Code Ann. § 44-53-110 (Supp. 2006).  Since no drugs were actually
 exchanged in this case, this definition is immaterial.